### UNITED STATES

v.

**Gary L. GILFILEN, 287 58 1354, Seaman Recruit (E–1), U.S. Naval Reserve.**

**NCM 78 1088.**

U. S. Navy Court of Military Review.

6 Dec. 1978.

LT David S. Durbin, JAGC, USNR, Appellate Defense Counsel.

CAPT John P. Hertel, USMC, Appellate Government Counsel.

Before CEDARBURG, FERRELL and ROOT, JJ.

FERRELL, Judge:

Pursuant to his pleas of guilty, appellant was convicted by a special court-martial military judge of violating a lawful order not to drink beer in the restricted barracks, willfully damaging military property, making a false official statement, and wrongfully appropriating a Government vehicle. He was sentenced to confinement at hard labor for 6 months, forfeiture of $250.00 pay per month for 5 months, and a bad-conduct discharge. The convening authority approved so much of the sentence as provided for confinement at hard labor for 90 days, forfeiture of $200.00 pay per month for 3 months, and a bad-conduct discharge. The bad-conduct discharge was suspended for a period of 6 months beginning 3 July 1978, the date of his action. The supervisory authority approved the sentence as approved by the convening authority.

The appellant assigned the following errors:

## I

THE COURT LACKED JURISDICTION TO TRY THE OFFENSES BECAUSE THE CONVENING AUTHORITY WAS SUBORDINATE TO A COMMANDER HAVING A PERSONAL INTEREST IN THE MATTER.

## II

THE MILITARY JUDGE IMPROPERLY ACCEPTED APPELLANT'S PLEAS OF GUILTY.

## III

THE MILITARY JUDGE IMPROPERLY ACCEPTED APPELLANT'S GUILTY PLEA TO SPECIFICATION 2 OF CHARGE I SINCE AN UNLIMITED ORDER TO ABSTAIN FROM ALCOHOLIC BEVERAGES IS ILLEGAL.

## IV

THE MILITARY JUDGE IMPROPERLY ACCEPTED APPELLANT'S GUILTY PLEA TO THE SPECIFICATION UNDER CHARGE III SINCE THE ALLEGED STATEMENT WAS NOT "OFFICIAL" WITHIN THE MEANING OF ARTICLE 107, UCMJ (10 USC § 907).

## I

The accused was charged, *inter alia*, with making a false official statement to Captain Weir, United States Navy, Commanding Officer, United States Naval Station, Keflavik, Iceland, on 3 April 1978 (Charge III, specification 2). Commander Mueller, United States Navy, Captain Weir's Executive Officer, convened this special court-martial on 24 April 1978, during Captain Weir's absence, and referred five charges against appellant to that court-martial. On 4 May, as Commanding Officer, Captain Weir referred an additional charge to the same court-martial. Appellant now contends that Captain Weir, the normal special court-martial convening authority, is an "accuser," and that under Article 23(b), Uniform Code of Military Justice, 10 U.S.C § 823(b), appellant's court-martial lawfully could be convened only "by superior competent authority." We agree that if Captain Weir is an "accuser," his Executive Officer, Commander Mueller, could not have convened this court-martial.

The starting point in considering if Captain Weir is an accuser in this case is an examination of Charge III and the two specifications thereunder. The first specification alleges that appellant on 9 March 1978 told a criminal investigator that two named sailors attempted to purchase hashish from a third named sailor, the statement being false and made with the intention to deceive in violation of Article 107, Uniform Code of Military Justice. The second specification alleges that on 3 April 1978 the appellant told Captain Weir that the information appellant had furnished the criminal investigator on 9 March concerning the three named sailors was false and that this statement to Captain Weir was false and made with the intent to deceive. The trial counsel, during the providence inquiry, stated the specification had been alleged as an alternative pleading.

After referral by Commander Mueller and before trial, appellant submitted a pretrial agreement which included an agreement by Captain Weir to dismiss specification 2 of Charge III. The specification was accordingly dismissed. Appellant did not raise this issue during the court-martial even though the military judge pointed out the possibility of an issue pertaining to the convening of the court.

The appellant, citing *United States v. Gordon*, 1 U.S.C.M.A. 255, 2 C.M.R. 161 (1952), now contends that Captain Weir was the "victim" of a false statement and a possible witness at the court-martial and had more than an official interest in the case. This Court has previously held that application of the *Gordon* rule is a question of "fact and must be resolved in the light of each case." *United States v. Kimball*, No.

70 1848 (NCMR 27 January 1971); *United States v. Brown*, No. 73 0141 (NCMR 18 April 1973).

 The test to be applied for determining whether or not the convening authority is an accuser is: ". . . whether, under the particular facts and circumstances with which we are dealing, a reasonable person would impute to him a personal feeling or interest in the outcome of the litigation." *United States v. Gordon, supra.* We find nothing in this record to indicate that Captain Weir had any interest beyond that of an official nature in this case. The specification itself denotes the statement as "official," it pertained to matters of an official nature, and was apparently made in an official setting. Charge III on its face clearly reveals alternative pleadings and there is no evidence that Captain Weir had any interest other than an official one that a court-martial determine which statement was false. Admittedly, we do not have a full and complete inquiry into this matter because the appellant chose not to raise it at trial, even though alerted to its existence by the military judge. The failure to raise this issue by the appellant at trial, under the circumstances of this case, is considered a factor supporting the propriety of the convening of this court-martial. A statement by this Court in a prior case is particularly applicable to this case:

> It does not appear that anyone at this trial considered the convening authority an "accuser." No objection to these proceedings was made at the trial on this account. Nor was any suggestion made at this trial that the convening authority had "a personal feeling or interest in the outcome of the litigation," even though the accused testified that he had seen the incident. Under these circumstances, the failure of certified counsel to make such an objection or suggestion is worthy of consideration in determining whether or not a "reasonable person would impute to him a personal feeling or interest," . . . [*United States v. Metcalf*, No. 69 2694 (NCMR 30 January 1970)]

The appellant not only chose not to raise this issue at trial, but no objection was raised in the *Goode* response to Captain Weir reviewing the case as the convening authority. We find that Captain Weir was not an "accuser" and, having so found, find no error in his executive officer convening this court during the commanding officer's absence.

## II and III

We find no merit in appellant's assigned errors II and III.

## IV

 The appellant's fourth assignment of error challenged the acceptance of his guilty plea to specification 1 of Charge III, since the alleged statement was not "official" within the meaning of Article 107, Uniform Code of Military Justice. A criminal investigator for the Security Department of the United States Naval Station, Keflavik, Iceland, after warning appellant of his rights, interrogated him concerning possession of marijuana residue in a smoking pipe. During this interview, the appellant told the criminal investigator that Airman B. H. and Seaman Recruit G. C. had attempted to purchase marijuana in hashish form from Airman S. L. This is the false official statement alleged in specification 1 of Charge III. The military judge made an extensive and thorough inquiry into appellant's plea of guilty. The statement made concerning the three sailors was in no way connected to the offense the appellant had been called in to discuss.

The appellant argues his case falls within the holding of *United States v. Osborne*, 9 U.S.C.M.A. 455, 26 C.M.R. 235 (1958). We find a distinction between the situation of Osborne and that of the appellant. Osborne, while being questioned, gave information about himself to an agent who had no right or power to require a statement while he, Osborne, had no obligation to give a statement. Appellant, while being questioned about an offense he was suspected of committing, falsely related an entirely different offense by three other sailors and in

no way involving himself. We do not think the court in *Osborne* intended to issue a license to a suspect to weave a tangled web of deception to criminal investigators about any offense committed by others, which his fertile imagination might concoct. We believe the appellant, having undertaken to make known an offense committed by others, assumed the obligation to report it truthfully. This appellant worked in the Security Department and had some knowledge of the department's responsibilities and functions. He knew that to report a crime ". . . to law enforcement personnel carries with it indicia of officiality. Upon receipt of such a report it is reasonable to assume that the agency will take action in an effort to apprehend the criminal . . . A service person has an obligation not to pervert the Government machinery designed to accomplish that goal. Making a false report which triggers this machinery into needless acts is a perversion of investigatory processes which was intended by Congress to be punishable under Article 107." *United States v. Collier*, 23 U.S.C.M.A. 173, 48 C.M.R. 789 (1974).

The findings and the sentence as approved on review below are affirmed.

Chief Judge CEDARBURG and Judge ROOT concur.